UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS MINTUN,<br><br>                      Plaintiff,<br><br>    v.<br><br>STATE OF IDAHO; BUTCH OTTER; LAWRENCE WASDEN; HOWARD YORDY; ERIN SMITH; WILLIAM DARON; LOY WALDEN; ALAN ANDERSON; SHAWNA SCOTT; SGT. CASE; SHELL WAMBLE-FISHER; GARRETT COBURN; RONA SIEGERT; JANET SEYES; DAVINA LAU; RODNEY SCHLIENZ; LT. DIETZ; JEANETTE HUNTER; FSO NEGEAU; FSS NEVOS; CORIZON MEDICAL SERVICES; P.A. BARRETT; N.P. GELOK; RYAN VALLEY; A. WEED; JILL WHITTINGTON; and DR. RICHARDSON,<br><br>                      Defendants. | Case No. 1:16-cv-00367-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On August 10, 2017, Plaintiff Dennis Mintun filed a motion with the Court entitled "Motion for Judicial Review." Dkt. 27. Although the Court did review the Motion, in its discretion, the Court initially elected not to treat this as a formal Motion requiring a written order; however, on August 31, 2017, Defendants filed responses to said Motion. The Court

**MEMORANDUM DECISION AND ORDER - 1**

therefore takes this opportunity to issue the following decision GRANTING in PART and DENYING in PART Mintun's Motion for Judicial Review.[1]

## DISCUSSION

In his Motion for Judicial Review, Mintun asks the Court to "review his case as originally presented." Dkt. 27, at 1. Mintun further states that he has "a number of issues against the defendants, some of which were dismissed by Judge Winmill, and some of which [he] intends to appeal . . . ." *Id.* Mintun is welcome to file any appeals that he is legally entitled to file, however this Court will not change anything that has already been ruled upon in this case. Doing so would negate all the work that has already been done, but also give Plaintiff a "do-over" so to speak. Not only is this not fair to the Defendants in this case, but such a course of action is not allowed by any applicable law.

Under the Prisoner Litigation Reform Act, once a complaint is filed, the Court performs an initial review of the claims asserted by a defendant. *See* 28 U.S.C. § 1915A(a). This is done to determine the veracity of claims, which claims should be dismissed, and which claims can move forward. *Id.* at (b). In this case, Judge Winmill issued an extensive 43 page Initial Review Order (Dkt. 9) shortly after this case was filed detailing the status of the case. In that order, claims against certain Defendants were dismissed, and claims

---

[1] The Court is issuing this decision without waiting for a reply from Mr. Mintun. This is not done out of any disrespect to him, but because 1) the Court's ruling is based upon the referenced statutes and legal analysis and no argument could persuade the Court to deviate from the law, and 2) because the deadlines in this case are fast approaching and waiting would only delay this case further.

**MEMORANDUM DECISION AND ORDER - 2**

against other Defendants were allowed to go forward. There is nothing in the rules, however, which allows for a second review. The transferring of a case does not change that. When a case is transferred to a new judge for any reason, the new judge becomes acquainted with the case and takes over moving forward. It is not the new judge's prerogative to overrule things previously done in a case, except in very limited circumstances, none of which present themselves here. What has been done in this case by the prior Judge will not be altered by this Judge.

This Motion is granted to the extent that the Court will make a full review of the case file and all relevant documents, decisions, and motions. This Motion is denied in part, however, because while the Court will conduct a thorough review, it does so to become familiar with the case, not to re-do or overrule anything that has previously been done. In particular, the Court will not conduct another review of the original complaint.

## ORDER

Mintun's Motion for Judicial Review (Dkt. 27) is GRANTED in PART and DENIED in PART consistent with the above analysis.

IT IS SO ORDERED.

DATED: September 5, 2017

_____
Honorable David C. Nye
United States District Court